1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JUAN ACOSTA,

11            Petitioner,                    No. 2:11-cv-3169-JFM (HC)

12        vs.

13   MICHAEL BABCOCK, *Warden*,

14            Respondent.                    <u>ORDER</u>

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Pending before the court is respondent's April 6,

18   2012 motion to dismiss.  Petitioner opposes the motion.  On review of the motion and good

19   cause appearing therefor, THE COURT FINDS AS FOLLOWS:

20                    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

21            On July 22, 2010, petitioner, a former police officer, was sentenced to 135 months

22   of imprisonment in the Southern District of New York, case no. 1:09-cr-01126-SAS-2, following

23   his guilty plea on three counts: conspiracy to distribute narcotics, in violation of 21 U.S.C.

24   §§ 841(a)(A) and 846; interference with commerce by threat or violence, in violation of 18

25   _____

26        [1] This matter is proceeding before the undersigned based on the consent of the parties.  <u>See</u>
     Doc. Nos. 5 and 9.

1   U.S.C. § 1951(a); and possession of a machine gun during and in relation to a drug trafficking

2   crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I), (c)(2)(C), and 2.  See Motion to Dismiss

3   ("MTD"), Ex. B.  Based on the district court's use of U.S.S.G. § 3B1.3, which provides for a

4   sentencing enhancement if a defendant abused a position of public or private trust, petitioner was

5   ultimately sentenced to 138 months imprisonment.  Pet. at 2.

6           On December 1, 2011, petitioner filed a motion to vacate, set aside, or correct

7   sentence pursuant to 28 U.S.C. § 2255, case no. 1:11-cv-08753-SAS, in the Southern District of

8   New York.  See MTD, Ex. C.  On December 15, 2011, Judge Shira Sheindlin issued an order to

9   show cause why the petition should not be dismissed as time-barred.  Id. (Doc. No. 3).  There is

10  no evidence that petitioner filed a response to the order to show cause.  See id.  On January 23,

11  2012, Judge Sheindlin dismissed the § 2255 petition as time-barred.  Id. (Doc. No. 4).  That

12  action remains pending on petitioner's February 16, 2012 motion for reconsideration.  MTD, Ex.

13  B (Doc. No. 44).  Petitioner is presently incarcerated at FCI Herlong, which is located in the

14  Eastern District of California.

15          In the instant § 2241 petition, which was filed on November 22, 2011, petitioner

16  alleges that (1) the district court erred in applying the sentencing enhancement pursuant to

17  U.S.S.G. § 3B1.3, (2) the district court erred in using the weight of the entire package allegedly

18  containing cocaine, (3) there existed insufficient evidence to support a finding that petitioner

19  violated 18 U.S.C. § 924 and, finally, (4) the government's conduct constituted entrapment.

20          On February 9, 2012, petitioner filed a motion to supplement his § 2241 petition

21  to add the following claims: (1) trial counsel was ineffective for failing to request a downward

22  departure under U.S.S.G. § 3B1.2; (2) trial counsel was ineffective for failing to file a motion to

23  suppress the § 924(c) charge for insufficient evidence; and (3) trial counsel was ineffective for

24  failing to investigate and determine petitioner's eligibility for the safety valve.

25          On April 6, 2012, respondent filed a motion to dismiss.  Respondent contends the

26  petition is subject to dismissal for lack of subject matter jurisdiction.

DISCUSSION

A.      The § 2255 Escape Hatch is Unavailable

        "[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  If the petition falls under § 2255, it must be brought in the jurisdiction of the sentencing court, which is the Southern District of New York.  See id.  By contrast, if the petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Eastern District of California.  See id.

        "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  "Under the savings clause of § 2255 [§ 2255(e)][2], however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez, 204 F.3d at 865 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e).

        The Ninth Circuit has construed the "inadequate or ineffective" language narrowly and has made clear that it does not serve as a mechanism for either circumventing the procedural limitations on Section 2255 motions or for obtaining a second shot at a claim already denied on the merits. See, e.g., Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Lorentsen, 223 F.3d at 953.  The Ninth Circuit has concluded that the Section 2255 remedy qualifies as inadequate or ineffective "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Harrison v. Ollison, 519 F.3d

_____

[2]  Section 2255(e) provides that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

952, 959 (9th cir. 2008) (citation omitted).  To establish actual innocence within the meaning of this exception, a petitioner must show, by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008) (citation omitted); Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954.  Factual innocence, not legal insufficiency, is required.  Id.  The absence of "an unobstructed procedural shot" element of this exception requires proof that the petitioner never had an opportunity to raise the claim of actual innocence on appeal or in a Section 2255 motion.  Harrison, 519 F.3d at 960.  To satisfy this requirement, a court must determine "'(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.'"  Id. (citation omitted).

          The four claims alleged in the petition – and the additional three claims alleged in the supplement to the petition – do not satisfy either requirement for invoking the § 2255 escape hatch.  To begin, petitioner alleges that he is actually innocent of only one of the crimes to which he pleaded guilty.  Specifically, petitioner contends he is actually innocent of Count 3, which alleges that petitioner was in possession of a firearm during the commission of a drug trafficking crime.  Not only does the court reject this claim on the ground that it is incompatible with his guilty plea, but the court also finds that petitioner fails to show by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"  Stephens, 464 F.3d at 898.  As to the remaining claims, petitioner attacks his conviction on the ground that his constitutional rights were violated in connection with the circumstances of his sentencing.  None of these grounds rise to the level of "inadequate or ineffective" as required by § 2255.

          Moreover, even if the petitioner's claims could be construed to raise challenges predicated upon his asserted "actual innocence," it is plain that he did not lack an unobstructed procedural opportunity to raise any of the claims.  Rather, the opportunity existed, but petitioner

1  failed to avail himself of that opportunity in a timely manner.  Petitioner argues in his opposition

2  that because his § 2255 petition was dismissed as untimely by the district court in the Southern

3  District of New York, his remedy under § 2255 is "inadequate or ineffective" and, as such, his

4  only recourse is through the instant § 2241 petition.  As previously noted, however, the

5  exception under § 2255(e) is "narrow"; it will not apply "merely because § 2255's gatekeeping

6  provisions [such as the statute of limitations or the limitation on successive petitions] prevent the

7  petitioner from filing a second or successive [§ 2255] petition."  Ivy, 328 F.3d at 1059; see also

8  Lorentsen, 223 F.3d at 953 (ban on unauthorized successive petitions does not make § 2255

9  "inadequate or ineffective" per se); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per

10  curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the

11  § 2255 motion as successive and court of appeals did not authorize a successive motion).

12          Based on the foregoing, the court concludes that the instant petition is a

13  procedurally improper attempt by petitioner to obtain a second bite of the apple by asking a

14  different federal court—one having no connection to his criminal proceeding—to grant him

15  relief that is available, if at all, only under § 2255, but which the sole court having jurisdiction to

16  consider his claims has found to be unavailable due to petitioner's dilatoriness.  The petition is

17  an ill-disguised, successive § 2255 motion, which cannot be considered, because petitioner has

18  failed to obtain leave to bring it and, critically, this is not the proper district for it.  Accordingly,

19  § 2241 jurisdiction cannot be invoked based on the § 2255 escape hatch.

20  B.      No Independent Basis for § 2241 Jurisdiction Exists

21          The court further finds that there does not exist an independent basis for § 2241

22  jurisdiction.  The central purpose of the writ of habeas corpus is to provide a remedy to prisoners

23  challenging the fact or duration of their physical confinement and seeking immediate release or

24  an earlier release.  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus

25  is an attack by a person in custody upon the legality of that custody, and ... the traditional

26  function of the writ is to secure release from illegal custody").  Section 2241 confers a general

1  grant of habeas jurisdiction when a federal or state prisoner contends that he "is in custody in

2  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(a) and

3  (c)(3).  As noted earlier, the federal courts have construed this general grant to encompass a

4  federal prisoner's right to attack the "execution of his sentence," but not its validity.  Hernandez,

5  204 F.3d at 864.

6          The petition here does not challenge the manner of the execution of petitioner's

7  sentence.  Instead, petitioner challenges the validity of the conviction and his sentence through

8  claims that are not cognizable under § 2241.  Because § 2241 jurisdiction is lacking in this court,

9  it is clear that the petition must be dismissed.  Based on this finding, the court declines to address

10  respondent's alternative argument that petitioner's non-constitutional claims of sentencing error

11  are not cognizable in a § 2255 petition.

12          Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

13  States District Courts, "[t]he district court must issue or deny a certificate of appealability when

14  it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

15  appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

16  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

17  issue a certificate of appealability indicating which issues satisfy the required showing or must

18  state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

19          Where, as here, the petition should be dismissed on procedural grounds, a

20  certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason

21  would find it debatable whether the district court was correct in its procedural ruling'; and (2)

22  'that jurists of reason would find it debatable whether the petition states a valid claim of the

23  denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000)

24  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

25          This court finds that petitioner has not satisfied the first requirement for issuance

26  of a certificate of appealability in this case.  Specifically, there is no showing that jurists of

1   reason would find it debatable whether this action is procedurally barred under § 2255's escape

2   hatch and, furthermore, there does not exist an independent basis for § 2241 jurisdiction.

3   Accordingly, this court declines to issue a certificate of appealability.

4                    Based on the foregoing, IT IS HEREBY ORDERED that:

5            1.  Respondent's February 9, 2012 motion to dismiss is granted;

6            2.  Petitioner's February 9, 2012 and April 12, 2012 motions to supplement are

7   denied;

8            3.  The petition is dismissed; and

9            4.  The court declines to issue a certificate of appealability.

10  DATED: June 19, 2012.

11

12

13                                        UNITED STATES MAGISTRATE JUDGE

14  /014;acos3169.mtd

15

16

17

18

19

20

21

22

23

24

25

26